

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,798

**STEVEN KENNETH STALEY, Appellant**

**v.**

**THE STATE OF TEXAS**

### NO. AP-76,868

**EX PARTE STEVEN KENNETH STALEY, Applicant**

### ON REVIEW FROM THE DETERMINATION
### OF EXECUTION COMPETENCY AND APPLICATION FOR A WRIT OF
### HABEAS CORPUS FROM CAUSE NO. C-2-009642-0387844-C
### IN THE CRIMINAL DISTRICT COURT NUMBER TWO
### TARRANT COUNTY

MEYERS, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### DISSENTING OPINION

The majority is looking at this case from the wrong direction. The majority

decides that the trial judge did not have authority to involuntarily medicate Appellant

because the competency-to-be-executed statute under Code of Criminal Procedure Article 46.05 does not expressly authorize court-ordered medications. The majority reasons that if the legislature had intended for court-ordered medications to be part of the competency-to-be-executed statute, it would have stated so as it did in Article 46B.086 related to competency to stand trial. I disagree. The legislature did not need to include language regarding involuntary medication in the competency-to-be-executed statute because the trial court has inherent authority to order medication under its authority to enforce the judgment. Even though the trial court already possessed this inherent authority to implement forced medication to make someone competent to stand trial, the legislature enacted that particular statute as a measure to instruct the trial court how to proceed. *See* Tex. Code Crim. Proc. art. 46B.086. This is no different than what the legislature has done in other instances where the trial court already had inherent authority to implement certain procedures. *See Batson v. Kentucky*, 476 U.S. 79 (1986). In the situation here, the trial judge is already vested with the authority to enforce the judgment of execution and he has apparent authority to take measures necessary to do so as long as those measures do not violate the appellant's rights. What the majority does not seem to understand or has somehow just overlooked is the reality of what has transpired in this case–that the trial judge (with or without authority) ordered that the defendant be forcibly medicated. At the later competency hearing, the defendant was found to be competent to be executed. So, the question really is whether Appellant's rights were violated by court-ordered

medication. Although Appellant should not be entitled to relief unless he shows that the court-ordered medication violated his rights, the majority declines to consider the issues Appellant raised under the Texas and United States Constitutions.[1]

The issue raised in this case is similar to the situation where a defendant is shackled during trial and complains on appeal that being forced to wear restraints violated his right to a fair trial. There is no statute that gives the judge the authority to restrain the defendant, but he has inherent authority to order that a defendant wear shackles if it is necessary to prevent escape or disruption by the prisoner or to protect the safety of the parties, witnesses, jury, and others who may be present in the courtroom. A defendant who was shackled at trial is entitled to relief only if he was restrained without justification and he shows that his right to a fair trial was violated by being forced to wear restraints in the presence of the jury.

I would consider Appellant's constitutional claims and hold that the judge's decision to order Appellant to be medicated did not violate the prohibition against cruel and unusual punishment. Therefore, I respectfully dissent.

Filed: September 11, 2013
Publish

---

[1] It seems ironic to me that the majority has now vacated the trial court's involuntary-medication order and its order determining that appellant is now competent to be executed. I find no more authority for this than for us to vacate a trial court's finding of probable cause in a suppression hearing and an order denying the defendant's motion to suppress. We certainly have the power to disagree with that kind of finding and subsequent order, but I am not aware of our authority to vacate those particular proceedings. Consequently I do not see what authority we have to vacate the order to medicate and the subsequent finding of competency to be executed.